UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| JESSICA MACKEY | * | CIVIL ACTION |
| VERSUS | * | NO. 20-1350 |
| AMERICAN MULTI-CINEMA, INC., ET AL. | * | SECTION "M" (2) |

## ORDER AND REASONS

Before me is Defendant American Multi-Cinema, Inc.'s Motion for Sanctions.  ECF No. 63.  Plaintiff Jessica Mackey timely filed an Opposition Memorandum.  ECF No. 67.  Plaintiff sought leave and filed a Reply Memorandum.  ECF Nos. 69, 72.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Considering the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion for Sanctions (ECF No. 63) is DENIED for the reasons stated herein.

## I.   BACKGROUND

Plaintiff filed this personal injury case after she allegedly tripped and fell on an uneven, raised sidewalk at AMC's Westbank Palace 16 movie theater complex in Harvey, Louisiana.[1]  The court granted Defendant's motion for summary judgment on October 7, 2021,[2] after which Plaintiff appealed.[3]  The Fifth Circuit affirmed the district court's decision on November 9, 2022.[4]  Plaintiff applied for certiorari with the United States Supreme Court, which was denied.[5]

While Plaintiff's application for certiorari was pending, the Louisiana Supreme Court issued a decision in *Farrell v. Circle K Stores, Inc.*, which Plaintiff contends created grounds to

---

[1] ECF No. 1 ¶¶ 7, 9.
[2] ECF 16, EFC 27.
[3] ECF 44.
[4] ECF 48.
[5] ECF 49.

1

re-open her case.[6]  Plaintiff thus filed a Rule 60(b)(6) Motion for Relief from Judgment,[7] which

Judge Ashe denied on May 16, 2023.[8]  Plaintiff appealed the denial of her Rule 60 motion on June

16, 2023.[9]  Approximately two weeks after Judge Ashe denied the motion, on May 30, 2023,

Defendant served a motion for sanctions on Plaintiff.[10]  Twenty-one days later, on June 21, 2023,

Defendant filed the motion, arguing that the Rule 60 motion was frivolous and submitted "for the

improper purpose of harassing and needlessly increasing the cost of litigation . . . ."[11]

## II.  <u>APPLICABLE LAW</u>

Rule 11(c)(2) of the Federal Rule of Civil Procedure allows a party to file a motion for

sanctions for alleged violations of Rule 11(b).[12]  However, the Federal Rules of Civil Procedure

only govern the procedure in civil actions and proceedings in the United States *district courts*.[13]

Rule 11 does not apply to costs incurred "outside of the context of district court proceedings."

Thus, Rule 11 does not apply to appellate proceedings.[14]

A party alleging a Rule 11 violation must first satisfy the procedural requirements

enumerated in Rule 11(c)(2).  Under Rule 11(c)(2)'s safe harbor provision, a motion for sanctions

"must be served under Rule 5, but it must not be filed or be presented to the court if the challenged

paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days

after service or within another time the court sets."  FED. R. CIV. P. 11(c)(2).  Thus, Rule 11

establishes a 21-day "period of 'safe harbor' whereby parties can avoid sanctions by withdrawing

---

[6] ECF 67 at 7.
[7] ECF 50.
[8] ECF 61.
[9] ECF 62.
[10] ECF 63-23 at 1.
[11] ECF 63 at 1.
[12] FED. R. CIV. P. 11(c)(2).
[13] FED. R. CIV. P. 1; *see also Cooter and Gell v. Hartmax Corp.*, 496 U.S. 384, 406 (1990).
[14] *Cooter and Gell*, 496 U.S. at 406.

or correcting the challenged document or position" after being served the motion for sanctions.[15]

Because the safe harbor is dependent on the ability to withdraw or correct the challenged document or contention, "a party cannot delay serving its Rule 11 motion until [the] conclusion of the case (or judicial rejection of the offending contention)."[16]  Otherwise, "there is nothing left for the opposing party to withdraw or correct, and the 'policies and procedural protections' provided by Rule 11(c)(2) cannot be given effect."[17]  Thus, a party may not seek sanctions after the court has already decided the offending motion because a party is unable to withdraw or correct the offending conduct if the issue has been resolved by the court.[18]

## III.   ANALYSIS

Plaintiff's initial memorandum indicates it seeks sanctions "in response to Plaintiff's numerous frivolous appeals" and "as a result of [Plaintiff's] harassing appellate procedure."[19]  In Reply, Defendant clarifies that it seeks sanctions only with regard to the Rule 60 motion.[20]

---

[15] *Margetis v. Furgeson*, 666 F. App'x 328, 331 (5th Cir. 2016) (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)); *see Askins v. Hagopian*, 713 F. App'x 380, 380 (5th Cir. 2018); FED. R. CIV. P. 11(c) advisory committee note.
[16] *Margetis*, 666 F. App'x at 331 (quoting FED. R. CIV. P. 11(c) advisory committee's note to 1993 amendment); *see also Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000) (holding that sanctions were properly denied where a Rule 11 motion was filed after the trial's conclusion).  Other circuits agree.  *See In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008) ("We agree with the Second, Fourth, and Sixth Circuits that the ... filing of a motion for sanctions 'must occur prior to final judgment or judicial rejection of the offending' motion.... The [safe harbor] provision cannot have any effect if the court has already denied the motion; it is too late for the offending party to withdraw the challenged contention." (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997))); *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006) (holding that the trial court should have denied the motions for sanctions because they were not filed until after the district court had dismissed the complaint); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004) ("Because the rule requires that the party submitting the challenged pleading be given an opportunity to withdraw the pleading, sanctions cannot be sought after summary judgment has been granted."); *Howell v. Nesbit*, No. 98-1402, 1998 WL 340291, at *3 (4th Cir. June 16, 1998) (finding an abuse of discretion where the trial court granted the defendants' motion for sanctions because the plaintiff "was served with the Rule 11 motion the day before the court dismissed the case on the [d]efendants' motion," and, therefore, the plaintiff "did not have the advantage of the [21] day safe harbor provision"); *Ridder*, 109 F.3d at 297 ("A party seeking sanctions must leave sufficient opportunity for the opposing party to choose whether to withdraw or cure the offense voluntarily before the court disposes of the challenged contention.").
[17] *Margetis*, 666 F. App'x at 331 (quoting 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1337.2 (3d ed. 2016)); see also *Garcia v. Rauch-Milliken Int'l, Inc.*, No. 18-1028, 2020 WL 7495251, at *3 (W.D. Tex. Oct. 16, 2020) (denying a Rule 11 motion because the defendant filed its motion "only after it was impossible for [the plaintiff] to take advantage of Rule 11's safe-harbor provision," thereby "den[ying] [the plaintiff] ... a reasonable opportunity to correct the allegedly sanctionable issue").
[18] *Hoffman v. Bailey*, No. 13-5153, 2017 WL 1494495, at *3 n.28 (E.D. La. Apr. 26, 2017).
[19] ECF 63 at 1, EFC 63-1 at 1.
[20] ECF 72 at 1.

Defendant's motion, however, does not comply with Rule 11's safe harbor requirements.  While Defendant provided 21 days' notice before filing the sanctions motion, Defendant did not provide that notice until *after* Judge Ashe had already denied Plaintiff's Rule 60 motion.  Thus, Plaintiff had no opportunity to withdraw the offending Rule 60 motion before Defendant served notice of, and later filed, the Rule 11 motion.

Defendant's reliance on *Margetis* is misplaced.  In that case, the safe harbor provision was not violated because, although the Magistrate Judge had issued a Report and Recommendation on the offending motion within that 21-day grace period, the motion could still have been withdrawn or corrected because it was not technically decided until the district court adopted the magistrate judge's recommendation.[21]  In other words, until the district court adopted the magistrate judge's recommendation, the plaintiff had the opportunity to withdraw the filing.[22]  Moreover, while it may be true that Plaintiff continues to pursue her appeal,[23] any relief for a frivolous appeal must be obtained under  Rule 38 of the Federal Rules of Appellate Procedure, not Rule 11 of the Federal Rules of Civil Procedure.

IV.     **CONCLUSION**

Accordingly, for the foregoing reasons

IT IS ORDERED that Defendant's Motion for Sanctions (ECF No. 63) is DENIED.

New Orleans, Louisiana, this ____19th____ day of July, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[21] *Id.* at 331-32.
[22] *Id*. at 332.
[23] ECF No. 72 at 5.